**Bosko Lubo KUSTUDIC, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 10–72784.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 21, 2012.*

Filed Feb. 22, 2012.

Nora Elizabeth Milner, Senior Trial, Milner & Markee, LLP, San Diego, CA, for Petitioner.

R. Alexander Goring, Esquire, Trial, Oil, Michele Yvette Frances Sarko, Esquire, DOJ–U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: FERNANDEZ, McKEOWN, and BYBEE, Circuit Judges.

MEMORANDUM **

Bosko Lubo Kustudic, a native and citizen of the former Yugoslavia, petitions for review of the decision of the Board of Immigration Appeals denying his second motion to reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion

the denial of a motion to reopen, *Singh v. INS,* 295 F.3d 1037, 1039 (9th Cir.2002), and de novo questions of law, *Ram v. INS,* 243 F.3d 510, 516 (9th Cir.2001). We deny the petition for review in part, and dismiss in part.

By not raising any arguments concerning the BIA's dispositive determination that his second motion to reopen was untimely and numerically-barred, Kustudic has waived any challenge to that decision. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir.1996).

We lack jurisdiction to consider Kustudic's contention that the government failed to provide him with a copy of his file during removal proceedings in violation of due process because he failed to raise the claim before the agency. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004) (noting that due process challenges that are procedural in nature must be exhausted). We do not reach Kustudic's remaining contentions.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.